

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,098-01

### EX PARTE KEVIN CHRISTIAN L. MARTIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 997274-A IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. NEWELL, J., concurred.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Martin v. State*, No. 14-05-01047-CR (Tex. App. — Houston [14th Dist.] February 22, 2007) (not designated for publication). Applicant, represented by habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on November 18, 2008. An order designating issues was signed by the trial judge on December 8, 2008. Habeas counsel apparently filed a memorandum in support of the application on July 11, 2022, and a motion for an evidentiary hearing on August 16, 2022. This application was not received by this Court until August 23, 2002.

There is no indication in the record of any action by the trial court after the orders designating issues were signed. Nor is there any indication as to why these applications were pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends that the State failed to disclose the true details of an agreement with Applicant's co-defendant Aaron Michael Charles in exchange for his testimony against Applicant, another co-defendant, and a defendant in an unrelated case in which Charles acted as a jailhouse informant. Applicant alleges that Charles testified falsely at his trial that he had an agreement for a 30-year sentence in exchange for his testimony against Applicant and the other co-defendant, when in fact Charles had already negotiated an agreement for a 15-year sentence in exchange for his testimony against all three defendants at the time of Applicant's trial.

Applicant also alleges that trial counsel was ineffective because counsel failed to object to two improper arguments made by the prosecutor.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall make findings of fact as to why habeas counsel did not file his brief in support of the application until approximately fourteen years after filing the application, and whether Applicant wants to pursue the application.

If Applicant does want to pursue this application, the trial court shall order trial counsel and

the trial prosecutor to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is still represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the State failed to disclose favorable impeachment evidence from the defense prior to trial, and whether such evidence was material. The trial court shall also make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish